IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT BEN RHOADES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 22-cv-1937-NJR |
| ) | |
| ) | |
| **ROB JEFFRIES, ANTHONY WILLS,** ) | |
| **DR. SIDDIQUI, WEXFORD HEALTH** ) | |
| **SOURCES, INC., DR.** ) | |
| **MOLDENHAUER, and MENARD CC,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Robert Ben Rhoades, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Rhoades alleges that he was denied renewal of certain medications from the end of May 2021 until August 4, 2021.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

## The Complaint

In his Complaint, Rhoades makes the following allegations: On July 26, 2021, he wrote a grievance about his medications. During a June 1, 2021 visit with Dr. Moldenhauer, certain of his medications, including an inhaler, where not renewed (*Id*. at pp. 4-5). He did not receive his medications until August 4, 2021 (*Id*. at p. 5).

## Discussion

Simply put, Rhoades fails to allege a deliberate indifference claim regarding his medications. He alleges only that he was denied medications from the end of May 2021 until August 4, 2021. A review of the grievance documents attached to the Complaint shows that he grieved that NP Moldenhauer failed to renew his medications at the end of May (Doc. 1, pp. 12-16). The grievance responses, however, state NP Moldenhauer renewed all chronic condition medications discussed during an annual evaluation on June 1, 2021 (*Id*.). The responses also state that Dr. King renewed Rhoades's inhaler prescription on July 19, 2021, and saw him again on August 4, 2021, to discuss concerns regarding the inhaler (*Id*.). Without any factual allegations disputing the exhibits attached to the Complaint, Rhoades fails to state a claim against Moldenhauer. *See Thompson v. Illinois Dept. of Professional Regulation*, 300 F.3d 750, 754 (7th Cir. 2002) ("A plaintiff may plead himself out of court by attaching documents to the complaint that indicate that he or she is not entitled to judgment.") (internal citation omitted).

Further, there are no allegations suggesting IDOC Director Jeffries, Warden Wills, or Medical Director Dr. Siddiqui were personally responsible for any alleged denial of medication. And they cannot be held liable based solely on their positions as

administrators as the doctrine of *respondeat superior* does not apply to Section 1983 actions. *See Chavez v. Illinois State Police*, 251 F.3d 612, 651 (2001). Finally, there are no allegations that Rhoades received constitutionally deficient medical care as a result of Wexford policies or practices. *See Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004) (corporation can be held liable for deliberate indifference if it had a policy or practice that caused the violation). Accordingly, Rhoades's Complaint is **DISMISSED without prejudice.**

## Disposition

For the reasons stated above, the Complaint is **DISMISSED without prejudice**. Rhoades will have an opportunity to file a First Amended Complaint if he wishes to pursue his claims. If he chooses to do so, Rhoades must comply with the instructions and deadlines set forth below.

Rhoades is **GRANTED** leave to file a "First Amended Complaint" on or before **November 15, 2022**. Should he fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. App. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). Such a dismissal could count as one of Rhoades's three allotted "strikes" under 28 U.S.C. § 1915(g). Along with his current Complaint, Rhoades has filed several other cases pending before the Court. Should those cases be dismissed as frivolous, they could be counted towards his allotted "strikes" and prevent him from filing future cases without

prepayment of fees.¹ As such, the Court will allow Rhoades to either file a First Amended Complaint or seek to dismiss his original Complaint voluntarily by the stated deadline.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, if Rhoades chooses to file an amended pleading, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Rhoades must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A. To aid Rhoades in drafting his First Amended Complaint, the Clerk of Court is **DIRECTED** to send Rhoades a Section 1983 Complaint form.

Rhoades is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether he elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). If Rhoades chooses to dismiss his case voluntarily, the Court will not collect the remaining filing fee.

Finally, Rhoades is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court

---

¹ 28 U.S.C. §1915(g) provides that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

4

will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

    **IT IS SO ORDERED.**

    DATED:  October 18, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**